**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | |
|---|---|
| Valtrus Innovations Ltd. and Key Patent Innovations Ltd.,<br><br>Plaintiffs,<br><br>v.<br><br>FifteenFortySeven Critical Systems Realty, LLC,<br><br>Defendant. | Civil Action No. 7:26-cv-00382<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiffs Valtrus Innovations Limited ("Valtrus") and Key Patent Innovations Limited ("KPI") (collectively, "Plaintiffs"), by and through undersigned counsel, bring this complaint for patent infringement and damages against Defendant FifteenFortySeven Critical Systems Realty, LLC ("1547 Critical Systems Realty") and, in support, allege the following:

**PARTIES**

1. Valtrus is the successor-in-interest to a substantial patent portfolio created by Hewlett Packard Enterprise and its predecessor, subsidiary, and affiliate companies, including Hewlett-Packard Development Company, L.P. (collectively, "HPE"). Valtrus is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of Valtrus is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

2. KPI is the beneficiary of a trust pursuant to which Valtrus owns, holds, and asserts the Asserted Patents. KPI is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of KPI is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

3. On information and belief, 1547 Critical Systems Realty is a limited liability company organized and existing under the laws of the State of Delaware. On information and belief, 1547 Critical Systems Realty can be served with process at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

## ASSERTED PATENTS

4. Valtrus is the assignee of and owns all right and title to each of the Asserted Patents, which are U.S. Patent Nos. 6,854,287 (the '287 Patent) and 6,868,682 (the '682 Patent).

5. The Asserted Patents were developed by inventors working for HPE. HPE developed numerous innovative and diverse technologies, including groundbreaking inventions pertaining to data center cooling and analytics for monitoring conditions in data centers.

6. The '287 Patent, entitled "Cooling System," was duly and lawfully issued on February 15, 2005. A true and correct copy of the '287 Patent is attached hereto as Exhibit 1.

7. The '287 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the '287 Patent, including the right to seek damages, including past damages, for any infringement thereof.

8. The '682 Patent, entitled "Agent Based Control Method and System for Energy Management," was duly and lawfully issued on March 22, 2005. A true and correct copy of the '682 Patent is attached hereto as Exhibit 2.

9. The '682 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the '682 Patent, including the right to seek damages, including past damages, for any infringement thereof.

## JURISDICTION AND VENUE

10. This is an action for patent infringement arising under the United States Patent Laws, 35 U.S.C. § 100 et seq.

11. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

12. Defendant has a regular and established place of business in this District. Defendant operates a McAllen, Texas data center, known as MCTX1.[1]

13. This Court has general and specific personal jurisdiction over Defendant. Defendant operates a data center in this District at its MCTX1 facility. Defendant has maintained offices, employees, and business operations in Texas, and has therefore purposefully availed itself of the privileges of conducting business in Texas and has minimum contacts with the State of Texas. The exercise of personal jurisdiction is proper under the Texas Long Arm Statute and consistent with the Due Process Clause. The Court also has specific personal jurisdiction over Defendant because, on information and belief, it has performed methods in its Texas data center facility that infringed the Asserted Patents, such that Plaintiffs' causes of action arise directly out of its contacts with Illinois.

14. Venue is proper in this District under 28 U.S.C. § 1400(b). Defendant has a regular and established place of business in this District at its MCTX1 facility. On information and belief, Defendant has committed acts of infringement in this District at the facility.

## DEFENDANT'S DATA CENTERS AND INFRINGING CONDUCT

15. Defendant develops, operates, and owns data centers across the country. For example, Defendant advertises having over 1.1 million square feet of data center space under

[1] https://www.1547realty.com/data-center/mcallen-tx-mctx1/

management across North America.[2] Defendant's data centers implement cooling equipment from various suppliers, and Defendant used that equipment to perform methods of cooling that, on information and belief, infringed the Asserted Patents.

16. In particular, Defendant has used cooling equipment from Vertiv in its data centers. For example, 1547 Critical Systems Realty advertises using Liebert iCOM temperature/humidity monitoring systems and Emerson Network Power cooling systems in its data centers.[3] These can also be seen in its data center facilities on its website[4,5]:



[2] https://www.1547realty.com/about-us/
[3] https://www.1547realty.com/wp-content/uploads/AlohaNAP-Spec-Sheet-Overview-2025.pdf
[4] https://www.1547realty.com/data-center/kapolei-hi-haii1/
[5] https://www.1547realty.com/data-center/milwaukee-wi-miwi1/



17. Defendant has also used cooling equipment from Trane in its data centers. For example, Trane cooling equipment can be seen in images on Defendant's website advertising the capabilities of its data centers:[6]



18. On information and belief, Defendant may have used other cooling equipment or software from suppliers beyond those listed above in its data centers to perform methods that

[6] https://www.1547realty.com/data-center/honolulu-hi-drfortress/

infringe the Asserted Patents, including, for example, Stulz, Schneider Electric, and DataAire. On information and belief, Defendant may also use equipment from additional suppliers that Valtrus is not aware of from public information but that can be identified through discovery.

**FIRST CLAIM**

**(Infringement of the ’287 Patent)**

19. Valtrus re-alleges and incorporates herein by reference paragraphs 1-18 of the Complaint.

20. The ’287 Patent is generally directed to a system and method for cooling a room configured to house a plurality of computer systems.

21. Defendant infringed the ’287 Patent by performing methods of cooling its data centers prior to the expiration of the ’287 Patent. As described above, Defendant has used cooling equipment and control software from at least Trane[7] to cool its data centers, and may have also used other cooling equipment from Stulz, Schneider Electric, and DataAire, or other suppliers in a similar manner to perform the claimed methods. Exemplary claim charts reflecting how Defendant used or may have used these products to infringe claim 1 of the ’287 Patent are attached as Exhibits 3-5.

**SECOND CLAIM**

**(Infringement of the ’682 Patent)**

22. Valtrus re-alleges and incorporates herein by reference paragraphs 1-18 of the Complaint.

[7] Valtrus is not asserting the ’287 Patent based on Defendant’s use of Vertiv cooling equipment in light of its representation to the Eastern District of Texas that it would not assert that patent against any additional customers if the Court consolidated various pending cases.

23. The ’682 Patent is generally directed to a system and method for controlling temperature in a data center based on sensory data.

24. Defendant infringed the ’682 Patent by performing methods of cooling its data centers prior to the expiration of the ’682 Patent. As described above, Defendant has used cooling equipment and control software from at least Vertiv and Trane to cool its data centers, and may have also used other cooling equipment from Stulz, Schneider Electric, and DataAire, or other suppliers in a similar manner to perform the claimed methods. Exemplary claim charts reflecting how Defendant used or may have used these products to infringe claim 1 of the ’682 Patent are attached as Exhibits 6-9.

**PRAYER FOR RELIEF**

WHEREFORE, Valtrus prays for judgment against 1547 Critical Systems Realty, as follows:

A. That 1547 Critical Systems Realty has infringed each of the Asserted Patents;

B. That 1547 Critical Systems Realty pay Plaintiffs damages adequate to compensate Plaintiffs for its past infringement of each of the Asserted Patents, together with interest and costs under 35 U.S.C. § 284;

C. That 1547 Critical Systems Realty pay prejudgment and post-judgment interest on the damages assessed;

D. That this is an exceptional case under 35 U.S.C. § 285; and that 1547 Critical Systems Realty pay Plaintiffs’ attorneys’ fees and costs in this action; and

E. That Plaintiffs be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues triable to a jury.

Date: August 18, 2026

Respectfully submitted,

*/s/ Eric H. Findlay*

Eric H. Findlay
(TX Bar No. 00789886)
(SDTX Bar No. 1776730)
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Suite B
Tyler, Texas 75703
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com

Connor S. Houghton*
Natalie N. Griffin*
Reichman Jorgensen Lehman & Feldberg LLP
1909 K Street NW, Suite 800
Washington DC, 20006
Tel: (202) 894-7310
choughton@reichmanjorgensen.com
ngriffin@reichmanjorgensen.com

Patrick Colsher*
Sean M. McCarthy*
Reichman Jorgensen Lehman & Feldberg LLP
650 Fifth Avenue, Suite 2320
New York, NY 10019
Tel: (212) 381-1965
pcolsher@reichmanjorgensen.com
smccarthy@reichmanjorgensen.com

Matthew G. Berkowitz*
Aaron Morris*
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com
amorris@reichmanjorgensen.com

**Pro hac vice forthcoming*

*Attorneys for Plaintiffs*